Rellihan, *et al. vs.* Titlow.

(Decided 24th March, 1891.)

---

DANIEL RELLIHAN, HARVEY BURROWS, and JOHN W. RUMMEY, officers of Registration of the Fifth Precinct of the Eighteenth Ward of the City of Baltimore, and JAMES BOND, Clerk, &c. *vs.* SAMUEL C. TITLOW.

*Registration of Voters—Reinstatement.*

The Act of 1890, ch. 573, designates certain days on which application for registration shall be made to the officers of registration, and certain other days on which they shall sit for revision, and for hearing applications for reinstating the names of such persons as shall have been stricken off the registry list, and provides that when one shall already have been registered he shall not be registered in any other district unless he produces a certificate showing that his name has been stricken off the registry list of the district in which he had been previously registered. The appellee, at the proper time made application to the officers of registration to be registered as a voter of the fifth precinct of the eighteenth ward of the City of Baltimore, and having answered satisfactorily all inquiries in regard to his qualifications, his name was entered as a registered voter. After leaving the office of the registers, he was recalled and upon inquiry they learned that he had been previously registered as a voter in Frederick City. They thereupon required him to furnish them by 9 o'clock P. M. of the next day, with a certificate that his name had been stricken off the registry list in that city. This he proceeded to do, but received the certificate too late to be pre-

sented by the time designated; and his name was stricken off the list of voters. HELD:

That having all the legal qualifications of a voter when he presented the certificate to the registers on the morning of the next day, being one of the days set apart for revision and reinstatement of names stricken off by them, he was entitled to be reinstated.

APPEAL from the Baltimore City Court.

The appeal in this case was taken from an order of the Court below (HARLAN, J.) directing the appellants to enter the name of the appellee as a qualified and registered voter in the registries of voters of the fifth election precinct of the eighteenth ward of Baltimore City. The case is stated in the opinion of this Court.

The cause was argued before MILLER, ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*John C. Rose,* for the appellants.

*Julian S. Jones,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a plain case,—so plain that after hearing the appellants, we did not deem it necessary to call upon the appellee. The question is one involving the right of the appellee to be *registered as a voter,* and, as there is no dispute about the facts, the question turns entirely upon the construction of the Registration Act.

Now this Act, in the first place designates certain days on which application shall be made to the officers of registration, and then it designates certain other days on which they shall sit for revision and for hearing applications for reinstating the names of such persons as shall have been stricken off the registry list.. And then, to prevent the registration of the same person in two or

Rellihan, *et al. vs.* Titlow.

more election districts, it further provides, that when one shall have already been registered, he shall not be registered in any other district, unless he produces a certificate showing that his name has been stricken off the registry list of the district in which he had been previously registered. Such are the provisions of the Act, bearing upon the question. Now, what are the facts? On Monday, October 6th, being the first day of the October sitting, the appellee made his application to the officers of registration to be registered as a voter of the fifth precinct of the eighteenth ward of Baltimore City, and, having answered satisfactorily all inquiries as to his age, place of birth, citizenship, and place of residence, his name was duly entered as a registered voter. After he had left the office of the registers, he was called back, and asked by them whether he had been registered as a voter in Frederick City, where he had formerly resided, and upon his replying in the affirmative, they then notified him that he must get a certificate showing his name had been stricken off the list of voters of that city, and present it to them by nine o'clock, P. M., of the next day, otherwise his name would be stricken off the registry list as entered by them. Thereupon he telephoned to a friend in Frederick, requesting him to get the certificate as thus required, which certificate was procured and mailed to the appellee before five o'clock of the next day, but was not received in time to present it to the officers of registration by nine o'clock, P. M. of that day, being the hour designated by them, and not being presented before the time thus designated, his name was stricken off the list of voters of Baltimore City. On the morning of the next day, however, one of the days prescribed by the Act on which the officers of registration were to sit for *revision, and to hear applications for reinstatement by persons the names of whom had been stricken off*, the appellee presented to them said cer-

Rellihan, *et al. vs.* Titlow.

tificate, which it is admitted was in proper form, but they refused to consider it, and also refused to reinstate his name, being of opinion that he had been improperly registered, and, this being so, they had the right to treat his application for reinstatement as if he had never been registered at all. To such a construction of the registration law as this we cannot agree.

Here is a case in which the appellee made application within proper time to be registered as a voter, and, having answered satisfactorily all questions in regard to his qualifications as a voter, the officers of registration decided he was entitled to be registered, and *thereupon he was in fact registered.* Afterwards they found out he had been registered in Frederick City where he formerly resided, and they accordingly required him to get a certificate showing his name had been stricken off the registry list of that city. This was done, and the certificate shows his name had thus been stricken off before it was stricken off the list of voters of Baltimore City by the appellants. Having thus all the *legal qualifications of a voter,* when he presented this certificate to the appellants on the day set apart by the Act for *revision and reinstatement of names stricken off by them,* it was their duty to have *reinstated his name.* The Act never meant to deprive one thus possessing all the qualifications of a voter of his right to registration.

*Order affirmed.*

(Decided 24th March, 1891.)