## CLARENCE W. HASTINGS *vs.* JOHN F. HENRY.

Sussex County, October Term, 1894.

**Mandamus. Election. Voter.**—A mandamus will not issue to compel the Registrar of Elections to place upon the registration list of the district the name of the relator as a qualified voter of the hundred.

**Mandamus.**—In an application for a mandamus the petition must show a complete right to the remedy, and it will not be awarded where the statute provides another adequate remedy.

**Same.**—The Registrars of Elections and the Boards of Registration are clothed with discretionary powers, and courts will not interfere with the rightful exercise of that discretion. The statute provides punishment for the wilful abuse of it.

**Same.**—A mandamus may be issued from the court in one county of this State to persons in either of the other counties.

This was a rule to show cause why a peremptory writ of mandamus should not issue to compel John F. Henry, the Registrar of West Election District of Little Creek Hundred, Sussex County, to place the name of the relator, Clarence W. Hastings, on the registration list of the said district as a qualified voter of said hundred.

The petition was in the following language:

"The petition of C. W. Hastings, of Laurel, in Little Creek Hundred, Sussex County, Delaware, respectfully showeth:

"That your petitioner is a male citizen of the age of twenty-two years and upward; that he has resided in the town of Laurel in the County of Sussex and State of Delaware for thirty years; that he has within two years paid a county tax which had been assessed at least six months prior to this date; that he is a real estate owner in the town of Laurel, county and State aforesaid.

"That on the 15th day of September, A. D. 1894, your petitioner appeared at the place advertised, as required by law, for registration before one John F. Henry, Registrar for the West Election District of Little Creek Hundred, in which said West Election District your petitioner resides, and asked to be registered so that he might be entitled to vote at the next general election, and at the same time produced and presented to the said John F. Henry, Registrar, a tax receipt for a county tax he had paid on the 20th day of January, A. D. 1894; that the said John F. Henry refused to register your petitioner as a qualified or even partially qualified voter in said West Election District of Little Creek Hundred aforesaid.

"Your petitioner being without adequate civil remedy in the premises, therefore prays your Honors that a rule may issue out of this honorable court directed to and requiring the said John F. Henry, Registrar as aforesaid, to show cause why a writ of peremptory mandamus shall not issue against him requiring him to place upon the registration list for the West Election District of

Little Creek Hundred and duly register the name of your petitioner as a qualified voter in said hundred.

" And your petitioner will ever pray, etc.

" C. W. HASTINGS."

*Boyce*, for the defendant moved to discharge the rule upon the petition filed, and contended :

It is shown by the petition that the registrar has acted, has determined and rendered judgment, in refusing as alleged in the petition, to place the petitioner upon the register. The registrar being a judical officer, clothed with judical power, the court will not award this extraordinary writ to oblige the registrar to adjudge this petitioner a qualified voter as he has prayed ; *Freeman vs. Selectmen of New Haven*, 34 Conn. 406 ; 14 Am. & Eng. Encyc. L. 139 ; 6 *id.* 293 ; *United States vs. The Commissioners*, 5 Wall. 563 ; *United States vs. Seaman*, 17 How. 470 ; *The People vs. Attorney General*, 22 Barb. 114.

This writ will only be used by this Court to put a judicial officer in motion where in the performance of certain ministerial duties he refuses to act. The court will not act for the purpose of setting aside the judgment of the officer and causing him to enter another judgment contrary to his own opinion. That the powers of the registrars were discretionary is clearly established by the authorities ; 6 Am. & Eng. Encyc. L. 293 ; *Freeman vs. Selectmen of New Haven, supra.*

There is power in the statute under and by which the petitioner has his remedy by an appeal to a board of registration ; 19 Del. Laws, ch. 38 §8, Rev. Code, 1893, 188 ; and the Court will not interfere by this extraordinary writ before he has exhausted his remedy where an adequate one is provided by the statute; *ex parte Bostwick*, 1 Cow. 143 ; *Lousiville R. R. Co. vs. State*, 25 Ind. 177 ; *Cannon et al. vs. Janvier*, 3 Houst. 31 ; *Knight & Kennedy vs. Ferris*, 6 Houst. 283.

*Bacon*, for relator, contended :

(1.) That the acts of the registrar are merely ministerial and not judical or discretionary ; 19 Del. Laws, ch. 38 §8, Rev. Code, 1893, 188 ; *Arberry vs. Beavers*, 6 Tex. 457 ; s. c. 55 Am. Dec. 805.

(2) That even where the Registrar is clothed with discretionary powers, that discretion may be controlled by law, and he will not be allowed to act arbitrarily, but must so exercise that discrecretion that his act will be sustained in a court of law and founded upon reasons sufficient to sustain it at the time ; *State vs. Lafayette County Court*, 41 Mo. 266.

(3) That there is no other adequate legal remedy for this relator than by the writ of mandamus, High, Ext. Leg. Rem. §§ 10, 11, 14, 16, 17 ; because the Board of Registration will not meet until after the adjournment of the present term of court, and no writ of mandamus could be issued from either of the courts of the other counties to a party in Sussex county ; *Kennedy & Knight vs. Ferris*, 6 Houst. 283.

GRUBB, J. The case last cited relates to the certificate of election of one of the election inspectors of New Castle County. That part of the opinion to which you refer was not the decision of the Court, but only of the Chancellor, and such a question was not raised by the exceptions filed in the case. The question has since been raised in the Superior Court sitting in Sussex County, where application was made for a mandamus in the case of *State of Delaware, ex rel. Alex. E. Cloud, et. al. vs. The President and Council of Wilmington,* which related to the election of a municipal officer in Wilmington. The opinion of the Chancellor in the case of *Knight & Kennedy vs. Ferris* was cited against granting the said mandamus, but the court, consisting of Chief Justice Comegys, Judge Houston, and myself, notwithstanding that opinion, unanimously held that the Superior Court sitting in Sussex County might issue a mandamus in the case of New Castle County, and that the jurisdiction of the Superior Court extended throughout

the State, and that this writ might be issued by this court from one county to another to compel the performance of the duty properly prayed for by the relator.

*Richards* and *Richardson,* on the same side, contended that there was no other adequate legal remedy to secure the enforcement of the right of the relator and the enforcement of the duty of the Registrar; *People vs. Mayor, etc., of New York.* 10 Wend. 396; *Rellihan vs. Titlow,* 74 Md. 77 ; s. c. 21 Atl. Rep. 694.

The courts are more liberal in granting mandamus than formerly ; *Richardson vs. Swift,* 7 Houst. 149.

*White* and *Cullen,* also for the defendant, replied.

LORE, C. J., delivered the opinion of the court.

This is a rule to show cause why a writ of peremptory mandamus should not issue at the instance of the relator, Clarence W. Hastings, to compel John F. Henry, the Registrar of West Election District of Little Creek Hundred, this county, to place the name of the relator on the registration list of the said district as a qualified voter of the hundred.

The petition sets forth that the relator is a male citizen of the age of twenty-two years and upward, that he has resided in the town of Laurel, in the County of Sussex and State of Delaware for thirty years, that he has within two years paid a county tax which has been assessed at least six months prior to this date, that he is a real estate owner in the town of Laurel, County and State aforesaid ; that on the fifteenth day of September A. D. 1894, the relator appeared at the place advertised as required by law for registration before John F. Henry, registrar for the said West Election District, which was the relator's place of residence, and asked to be registered so that he might be entitled to vote at the next general election and at the same time produced and presented to the said John F. Henry, Registrar, a tax receipt for county tax that he had paid on the 20th day of January, 1894 ; that the said John F. Henry refused to register the relator as a qualified, or even a partially

qualified voter in the said West Election District of Little Creek Hundred, as aforesaid; that the relator being without adequate civil remedy in the premises, prays for a mandamus requiring the said registrar to place upon the registry of said West Election District of Little Creek Hundred and duly register the name of the relator as a qualified voter in said Hundred.

On behalf of the registrar, a motion is made to discharge this rule, upon the ground that the petition on its face does not show sufficient ground to warrant the rule.

Mandamus is an extraordinary remedy to be awarded only where the relator shows a clear right thereto upon the facts stated in his petition. The constitutional qualification of an elector, such as the rule claims to be, is that he is a male citizen of the age of twenty-two years and upward, having resided within the State one year immediately before the election, the last month thereof in the County where he offers to vote and having within two years next before the election paid a county tax which has been assessed at least six months before the election.

For purposes of registration, the Registration Act of May 13, 1891, constitutes the respective registrars the sole judges of these qualifications of voters, subject to revision and correction by the Board of Registration. These registrars have the right to be satisfied upon examination or otherwise, that the person offering to register has the constitutional qualifications of citizenship, age, residence and payment of tax. The relator shows in his petition that evidence of payment of tax was produced and presented before the registrar, but does not show that any evidence was offered as to his citizenship, age or residence. So that upon the relator's statement, it does not appear that the registrar did not properly refuse to class him among the qualified voters, because of his own fault in not showing or offering to show that he possessed the other qualifications.

The petition in this respect is so defective on its face, that it does not warrant this Court in awarding a mandamus. This defect,

in our judgment, would be sufficient ground for discharging the rule.

It is, however, proper that we should consider the other questions raised and discussed in this case. A mandamus will not be awarded where there is other adequate, legal remedy. The 10th section of the act of May 13, 1891, expressly provides boards of registration and clothes them with power to enter upon the register the names of all persons who may have applied to the registrar but whose names have not been entered by him as required by this act, and to correct mistakes where entries have been made, and it is made the express duty of such Board to make such entries and corrections.

There is therefore a statutory and adequate remedy for the person aggrieved that meets this case as presented by the relator. This being so, a mandamus ought not to be awarded.

But even if the case had been sufficiently stated on the petition of the relator, and even if no adequate remedy had been provided by the statute, the question would still confront us, whether these Registrars are not acting judicially in passing upon the citizenship, age, residence and payment of tax by the applicant for registration.

In the case of *Freeman vs. Selectmen of New Haven*, 34 Conn. 415, where duties similar to those of Registrars under our act of Assembly were imposed upon the selectmen and town council, the Court say:

" Thus it will be seen that these duties are not merely ministerial, and if they are not judicial in the strict sense of the word they certainly require the exercise of judgment and discretion, and it is inconsistent with the spirit of our free institutions that the exercise of such judgment and discretion should be controlled by any other person. These officers are responsible to the people for their action, and so long as they act fairly they are and ought to be independent of all other control. If they act wantonly and maliciously they may be liable to the party injured, but not in this form of proceeding."

In respect to the registration of electors, our act of Assembly expressly says: "If the Registrar shall be satisfied upon examination or otherwise," etc. It therefore clothes him with power to examine and determine to his satisfaction as to the qualification of electors, then requires him to act thereon as the statute prescribes. This necessarily implies the exercise of judgment and discretion, and that, too, as has been justly said, in a matter of the greatest importance, affecting as it does the most sacred right of the elector.

It is well settled that where officials are clothed with judicial or discretionary power the courts will not interfere with them in the rightful exercise of that discretion. In this case we are asked not only to interfere, but to prescribe precisely the judgment they should render and also what act they shall do in the pursuance of that judgment specifically.

This would take away their discretion and judgment, and substitute in lieu thereof the discretion and judgment of this court. It would, in fact, be making this court the Registrar instead of the one named and appointed under the act. We think for all these reasons that the rule should be discharged.

We do not mean by this to say that a Registrar may act in the exercise of his office arbitrarily, oppressively, or fraudulently, or that he may wilfully do anything which is by this act forbidden to be by him done, or that he may omit to do anything which is by this act required by him to be done. If he do so he will be liable in damages to the party injured, and upon conviction thereof by indictment will be liable to a fine not exceeding $500 and imprisonment not exceeding three years, or both, in the discretion of the Court.

We therefore order that the rule be discharged.